**\* L. B. HARRISON v. JACOB GOTLEIB.**

1. RECEIVING BENEFIT OF SERVICES RAISES NO PRESUMPTION OF PROMISE TO PAY.

Where services have been rendered by one person to another with his knowledge, but without any express contract between them, this of itself is not sufficient to entitle the person so rendering the service to recover therefor as on an implied contract. "Implied contracts are those which reason and justice dictate, and which therefore the law presumes that every man undertakes to perform." It should therefore further appear from the circumstances of the case, that the services rendered were such as people as a rule expect to be paid for; and then, if there are no .special circumstances to show that they were rendered gratuitously, or that the person availing himself ot them, honestly believed, and had reason to believe, that they were so rendered, the promise to pay the value thereof may reasonably be inferred.

2. PROMISE TO PAY INFERRED.

If one accepts a real estate agent's offer to introduce his friends, who might buy, and they did buy, the jury may infer an implied promise to pay.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, C. J.

We would hardly feel justified in view of the strict rules of the law on that subject, in reversing the judgment recovered by the defendant in error against the plaintiff in error, solely on the ground urged, that the verdict rendered was against the weight of the evidence, and that the trial court should, for this reason, have set it aside. The case has been tried three times already. On the first trial, a verdict for the plaintiff was .set aside by the court. On the second, the jury disagreed, and on the third, a verdict was again rendered for the plaintiff below, which was allowed to stand. In the brief of the counsel for the defendant in error, it is stated that the judge, in overruling a motion for a new trial, said in substance, that if the question of fact had been submitted to him, he might have arrived at a different conclusion from that reached by the jury, but that he was not prepared to say that the verdict was so manifestly against the weight of the·evidence, as to require him to set it aside.

If the jury, then, was properly instructed by the court as to the law of the ·case, we would be inclined under these circumstances to allow the judgment to stand. It is claimed by the counsel for the plaintiff in error that this was not ·done.

The action was brought by Gotleib against Harrison to recover what he ·claimed was the value of services rendered by him in effecting a lease by Harrison of certain real estate to Isaac Failer Sons; and his employment was denied

---

\* This case is cited by the common pleas in McCabe v. Hood, 4 Ohio Dec., **192.**

by Harrison, or that any services were rendered for which the latter was liable to pay.

It is conceded that the evidence tends to show this state of fact, there being no great controversy as to any one point. Gotleib was not a real estate broker, and had never been engaged in that business. He was on intimate terms with Isaac Failer Sons, a firm doing business at the foot of Main street, and made his headquarters at their store. He knew of their desire to purchase or lease property for their business higher up in the city, and on a casual walk with some of the members of the firm, he noticed a piece of property on Vine street, owned by Mr. Harrison. After this, apparently of his own motion, he sought the acquaintance of Mr. Harrison (they being strangers to each other), and spoke to him of this property, and told him he had friends who were looking for a location, and that this might suit them. Harrison asked who they were, and on being told, said: "Bring your friends to see me." No price for the property was spoken of, and no terms as to rental or purchase.

Gotleib does not claim that anything else of a material character took place at that time, or that he told Harrison that he was a broker, or that he would expect any commission or compensation if an arrangement was entered into between the parties, or that anything else was said or done to advise Harrison thereof, or to show that he had any idea that he (Gotleib) expected compensation.

Gotleib told Failer Sons what he had done, and they called upon Harrison, and their negotiations resulted after some time, in the erection by the latter of a storehouse upon this lot, and a lease of it to them for several years at a large rent. Gotleib, so far as Harrison knew, had nothing whatever to do with the negotiations, and nothing further passed between them on the subject, till, as Gotleib says, just before the completion of the arrangement (Harrison says after it), he notified the latter that he would expect pay. Gotleib seems to have encouraged Failer Sons to make the lease, but was not employed by them to aid in the matter, and received no compensation therefor from them.

There being no claim of an express employment of Gotleib, was there an implied contract that he was to be paid for his services by Harrison?

Blackstone, in vol. 2, 443, says: "Implied contracts are such as reason and justice dictate, and which therefore the law presumes that every man undertakes to perform;" and the question whether a liability is incurred by one person to compensate another for services rendered to him, in the absence of an express contract, is, in a multitude of cases, to be determined solely by the acts of the parties themselves, their relations to each other, and the peculiar circumstances which surrounded them at the time. For there can be no question, but that one person may render valuable services to another, with his knowledge and consent, and yet no obligation to pay therefor will arise, for the reason that neither of the parties intended it, or if the person rendering the service did intend to make a charge therefor, yet the circumstances may have been such that a person of ordinary judgment would not suppose that such a charge would be made, and the party receiving the service did not, in fact, so believe.

The authorities cited and relied upon by the defendant in error, we think, sustain this doctrine.

The case of Day v. Cole, 100 Mass., 513, is one, the syllabus of which is this: "In an action to recover the value of one-half of a party wall erected by plaintiff, partly on his estate, and partly on that of the defendant, the jury may, in the absence of an express agreement as to payment on the defendant's part, infer a promise to pay, if the plaintiff undertook and completed the wall with the expectation that the defendant would pay him for it, and the defendant had reason to know, that the plaintiff was so acting with that expectation, and allowed him so to act without objection." And in the decision it is said, "that it is conceded to be the law, that a promise to pay for the party wall, would not

be inferred from the fact (alone) that the plaintiff, with the defendant's knowledge, built it, and that the defendant used it.

And in Wald's Pollock on Contracts, page 11, the law is stated concisely thus: "If A., with B.'s knowledge, but without any express request, does work for B. such as people as a rule expect to be paid for, if B. accepts the work or its result, and if there are no special circumstances to show that A. meant to do the work for nothing, or that B. honestly believed that such was his intention, there is no difficulty in inferring a promise by B. to pay what A.'s labor is worth. And this is a pure inference of fact, the question being whether B.'s conduct has been such that a reasonable man in A.'s position would understand from it that A. meant to treat the work as if done to his express order. The doing of the work with B.'s knowledge, is the proposal of a contract, and B.'s conduct is the acceptance." Accepting this as the law, the question is, was it given substantially to the jury by the court?

An examination of the charge of the court leads us to the conclusion that it was not. While in one part of it there is a statement that if the services were rendered by Gotleib voluntarily, as a matter of accommodation, or a matter of kindness, to any person, or for Failer Sons, he could not recover, yet no stress is laid upon this, and in several places where the court seems to recapitulate, and to give the law which is to govern the jury, in substance it is charged that all that was necessary to entitle the plaintiff to recover, was that service should have been rendered to Harrison, and that he had the benefit of it, and knew that the service was rendered for him. All this might have been so, and Harrison not be liable at all. There are cases occurring continually, where one person renders valuable service for another, and the latter knows it and avails himself of it, and yet is not bound to pay for it. If the services are such as people ordinarily expect to be paid for, and there are no special circumstances to show that they were not in a particular instance, a promise to pay may fairly be inferred. But we think that under the circumstances disclosed in this case, where there was so little evidence on which a jury could properly find that services had been rendered by Gotleib to Harrison, the former intending to charge, and the latter to pay therefor, or to show a state of fact that would give rise to such a presumption, or that the service was really rendered for Harrison's benefit and not for the benefit of his own friends, that the defendant was entitled, on proper request therefor, to have the rule with the proper limitations, which we have tried to state, given to the jury. This was attempted by the counsel for the defendant, but it was, as appears by the bill of exceptions, by asking a series of charges to be given as a whole, and it contained the statement that to entitle the plaintiff to a recovery he should have shown that he was a real estate broker, and that Harrison knew it. This was not good law—for others than professional brokers may, in proper cases, be entitled to compensation for services rendered in matters of this kind, and that without an express contract. In strictness, therefore, the court was justified in refusing to give the charge as a whole, though the other parts of it may have been entirely sound.

But we think the statement of the law as given by the court to the jury, was, under the circumstances shown, misleading and erroneous, in making the right of Gotleib to recover, to depend alone upon the question whether he rendered the services for Harrison and that the latter knew it. They should further have been instructed, that if the service rendered by Gotleib was such as people usually charge for (in this case a question of fact and not of law), and there was nothing disclosed which would show that Gotleib had not the intention of charging for it, or that Harrison might well believe that he was not to pay for such service, that they might properly infer a promise on the part of Harrison to pay. This was not done, and for this reason we think the judgment should be reversed.

Storer & Harrison, for plaintiff.
W. H. Jones, for defendant.